IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Exemption

CRAIG M. WOODSIDE,                          )
                                            )
                Plaintiff,                  )       TC-MD 130386C
                                            )
        v.                                  )
                                            )
MULTNOMAH COUNTY ASSESSOR,                  )
                                            )
                Defendant.                  )       **DECISION**

Plaintiff appealed Defendant's denial of his untimely filed application for the partial

property tax exemption available to qualifying military service personnel. The tax years for

which exemption was sought are 2005-06, 2007-08, 2008-09, and 2009-10.

The court held a case management hearing July 31, 2013. Plaintiff appeared on his own

behalf. Defendant was represented by Lynne Gaska, an employee of the Multnomah County

Assessor who deals with certain exemption matters.

There is no dispute that Plaintiff's application was untimely under the applicable statute,

ORS 307.289(1).[1] Defendant's notice of exemption application denial dated April 24, 2013,

indicates that Defendant received Plaintiff's applications for exemption April 23, 2013. (Ptf's

Compl at 2.) Plaintiff did not dispute that matter during the July 31, 2013 proceeding. The

statutory deadline is "August 1 following the end of the tax year for which the exemption is

claimed." ORS 307.289(1). As Defendant's denial letter indicates, the deadline for the 2005-06

tax year was August 1, 2006. (Ptf's Compl at 2.) The deadlines for the other three tax years were

August 1, 2008, August 1, 2009, and August 1, 2010. As indicated above, Plaintiff's application

was filed in April 2013, well past the deadline for any of the four years under appeal.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

Plaintiff advised the court that he was unaware of the existence of the exemption provided in ORS 307.286(1), pursuant to which "up to $60,000 of the assessed value of the homestead of any [qualifying] resident of this state[.]" ORS 307.286(1).

There are no application extensions provided in the exemption statute, or the applicable administrative rule promulgated by the Oregon Department of Revenue, OAR 150-307.286. The court asked Plaintiff if he was relying on any legal authority for his request for exemption and Plaintiff stated that he was not familiar with the law, but filed the appeal in the hopes of there being some "redress" available. Unfortunately, no such remedy exists in the statute.[2] Because there is no disagreement about the facts and Plaintiff is not entitled to relief as a matter of law, there is no need for a trial or further proceeding in the matter. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of August 2013.

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on August 5, 2013. The Court filed and entered this Decision on August 5, 2013.*

---

[2] Interestingly, the legislature has provided for an extended application deadline of up to five years prior to the current tax year for taxpayers seeking exemption for property of a nonprofit corporation held for public parks, wastewater and sewage treatment facilities, art museums, nonprofit corporations, volunteer fire departments, religious organizations, child care facilities, senior services centers, burial and crematory properties, public libraries, and industry apprenticeship or training trusts. See ORS 307.162(2)(b)(A) (the claimant must "demonstrate[] good and sufficient cause for failing to file a timely claim, [and be] a first-time filer or [] a public entity described in ORS 307.090 * * *[.]").